UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW T. SHAFER, SHERI HAUGABOOK, PETER HEIDT, JEFFREY SHOVER, MACE TAMSE, GEORGE LIVANOS, MARK LOFTUS, JEFFREY SAMSEN, JEFFREY SHERESKY, STEVE SHERESKY, STEVE NADLER, AND SANDY JUKEL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>                  Plaintiffs,<br><br>                -against-<br><br>MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE, and John/Jane Does 1-20,<br><br>                  Defendants. | Civil Action No. 1:20-cv-11047-PGG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, and Morgan Stanley Compensation Management Development and Succession Committee (together, "Morgan Stanley") respectfully submit this response to plaintiffs' notice of supplemental authority, allowed by the Court's December 29, 2022 order.

Plaintiffs may obtain complete relief on their claims for individual benefits through arbitration, as they have conceded. *See* Dkt. 72 at 18. The district court's decision in *Lloyd v. Argent Trust Co.*, 2022 WL 17542071 (S.D.N.Y. Dec. 6, 2022)—involving an arbitration provision that the court concluded would have *limited* the relief available to the plaintiffs—is accordingly irrelevant. In *Lloyd*, the plaintiffs exclusively brought claims *on behalf of* the plan

seeking to recover losses *to* the plan resulting from an alleged overpriced stock transaction, and the challenged arbitration provision precluded planwide relief.  *Id.* at *3.  Here, in contrast, plaintiffs seek payment of benefits *from* the alleged plan, on their *own* behalf; if they succeed in showing that Morgan Stanley's deferred compensation program is an ERISA plan at all, they may obtain the claimed benefits in full in an arbitration proceeding.  *See* Dkt. 69 at 4-6; Dkt. 66 at 14.  Plaintiffs argue that their complaint also tacks on a purported "representative" claim, but they still have no explanation for how that could preclude arbitration of their individual benefit claims.  Either plaintiffs prevail in arbitration and obtain full payment of the alleged benefits—or plaintiffs' claims fail because, as Morgan Stanley will prove, there is no ERISA plan to "represent" at all.

In any case, as Morgan Stanley has also explained, plaintiffs agreed to submit disputes about arbitrability to the arbitrator.  Dkt. 69 at 2-3; Dkt. 66 at 14-15.  Nothing in *Lloyd* disturbs that agreement, and thus plaintiffs' arguments about the arbitrability of their claims must be put to the arbitrator in the first instance.

| | |
|---|---|
| Dated: Washington, D.C.<br><br>January 9, 2023 | Respectfully submitted,<br><br>O'MELVENY & MYERS LLP<br><br>By: /s/ Meaghan VerGow<br>Meaghan VerGow<br>Brian D. Boyle (*pro hac vice*)<br>1625 Eye Street, N.W.<br>Washington, D.C. 20006<br>Telephone: (202) 383-5300<br>Facsimile: (202) 383-5414<br>mvergow@omm.com<br>bboyle@omm.com<br><br>Pamela A. Miller<br>Karen Gillen<br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Telephone: (212) 326-2000<br>Facsimile: (212) 326-2061<br>pmiller@omm.com<br>kgillen@omm.com<br><br>*Attorneys for Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, and Morgan Stanley Compensation Management Development and Succession Committee* |