UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW T. SHAFER, SHERI HAUGABOOK, PETER HEIDT, JEFFREY SHOVER, MACE TAMSE, GEORGE LIVANOS, MARK LOFTUS, JEFFREY SAMSEN, JEFFREY SHERESKY, STEVE SHERESKY, STEVE NADLER, AND SANDY JUKEL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>-against-<br><br>MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE, and John/Jane Does 1-20,<br><br>Defendants. | Civil Action No. 1:20-cv-11047-PGG |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, and Morgan Stanley Compensation Management Development and Succession Committee (together, "Morgan Stanley") respectfully submit this response to plaintiffs' notice of supplemental authority, allowed by the Court's March 23, 2023 order.

In *Harrison v. Envision Management Holding, Inc. Board of Directors*, 59 F.4th 1090 (10th Cir. 2023), the Tenth Circuit found an arbitration provision unenforceable because its bar on remedies that would benefit other plan participants would have "prevent[ed] Harrison from effectively vindicating the statutory remedies cited in his complaint." *Id.* at 1106. The court closely analyzed the complaint and found that Harrison brought genuinely representative claims

and sought "forms of relief that would benefit the Plan as a whole, rather than Harrison individually," and the arbitration agreement would have foreclosed that relief, *id.* at 1108. Plaintiffs here, by contrast, bring claims on their *own* behalf and seek relief that would benefit themselves individually; if they succeed in showing that Morgan Stanley's deferred compensation program is an ERISA plan at all, they may obtain the claimed benefits *in full* in an arbitration proceeding. *See* Dkt. 69 at 4-6; Dkt. 66 at 14. The court's reasoning in *Harrison* shows why the effective vindication exception does not apply here.

First, the court in *Harrison* found that "a review of Harrison's complaint establish[ed] that most of his claims are not unique to himself, but instead concern[ed] Defendants' actions with respect to the Plan as a whole." 59 F.4th at 1109. The factual allegations in the complaint centered on losses that the defendants caused the entire plan to suffer by engaging in an overpriced stock transaction and funding it with improper loans that benefited themselves, *see id.* at 1094-95, and Harrison's six claims asserted that the defendants violated ERISA by causing these losses to the plan and seeking to shield themselves for liability for it, *see id.* at 1101-03. The complaint here, by contrast, alleges that Morgan Stanley caused *plaintiffs* to suffer the loss of purported ERISA benefits—namely, deferred compensation that each plaintiff *individually* claims to be owed *by* the plan. Second, the Tenth Circuit reasoned that "Harrison's complaint not only cite[d] to ERISA provisions that allow for plan-wide remedies, but also specifically (and understandably, given the nature of his claims) requests such remedies." *Id.* at 1109. Plaintiffs here dress up their prayer for relief with purported planwide remedies but fundamentally seek the payment of benefits to themselves.

The Tenth Circuit even rejected the specific reasons plaintiffs claim *Harrison* supports their opposition to Morgan Stanley's motion. Plaintiffs contend that they "are not asserting

claims unique to themselves" because their "claims under ERISA § 502(a)(2) are brought in a representative capacity and seek relief on behalf of the plan as a whole, and [their] claims under ERISA § 502(a)(3) are brought on behalf of all class members and are not unique to" plaintiffs. Dkt. 79-1 at 2.  But the Tenth Circuit explained that "it would not be enough for an ERISA complainant to simply cite to the same statutory provisions that Harrison cites in his complaint"; "[i]nstead, both the nature of the claims and the specific relief sought by the complainant matter."  *Harrison*, 59 F.4th at 1109.  Put differently, a plaintiff cannot avoid his agreement to arbitrate benefit claims by simply tacking an ERISA § 502(a)(2) claim to the complaint. Plaintiffs here are seeking payment *from* the plan—a fundamentally individual claim for benefits.  The close examination directed by the Tenth Circuit in *Harrison* compels the conclusion that plaintiffs can and must obtain complete relief on their claim for benefits through arbitration.

In any case, as Morgan Stanley has also explained, plaintiffs agreed to submit disputes about arbitrability to the arbitrator.  Dkt. 69 at 2-3; Dkt. 66 at 14-15.  Nothing in *Harrison* disturbs that agreement, and thus plaintiffs' arguments about the arbitrability of their claims must be put to the arbitrator in the first instance.

Dated: Washington, D.C.

    April 3, 2023

Respectfully submitted,

O'MELVENY & MYERS LLP

By: /s/  Meaghan VerGow
Meaghan VerGow
Brian D. Boyle (*pro hac vice*)
1625 Eye Street, N.W.
Washington, D.C. 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414
mvergow@omm.com
bboyle@omm.com

Pamela A. Miller
Times Square Tower
7 Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061
pmiller@omm.com
kgillen@omm.com

*Attorneys for Defendants Morgan Stanley, Morgan Stanley Smith Barney LLC, and Morgan Stanley Compensation Management Development and Succession Committee*