UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW T. SHAFER, SHERI HAUGABOOK, PETER HEIDT, JEFFREY SHOVER, MACE TAMSE, GEORGE LIVANOS, MARK LOFTUS, JEFFREY SAMSEN, JEFFREY SHERESKY, STEVE SHERESKY, STEVE NADLER, and SANDY JUKEL, on behalf of themselves and all others similarly situated,<br><br>                               Plaintiffs,<br><br>            - against -<br><br>MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE, and John/Jane Does 1-20,<br><br>                               Defendants. | **ORDER**<br><br>20 Civ. 11047 (PGG) |

PAUL G. GARDEPHE, U.S.D.J.:

        In this putative class action, Plaintiffs allege that Morgan Stanley violated the Employee Retirement Income Security Act of 1974 ("ERISA") by applying a "cancelation rule" to the deferred compensation program in which Plaintiffs – financial analysts at Morgan Stanley – participated. The Amended Complaint contends that the deferred compensation plan is an "employee benefit pension plan" under ERISA because it "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." (Am. Cmplt. (Dkt. No. 58) ¶ 64); see 29 U.S.C. § 1002(2)(A)(ii). According to Plaintiffs, the plan's deferral of income "extend[s] to the termination of covered employment or beyond" in that financial analysts "whose employment ends because of a disability, involuntary termination,

retirement, or full career retirement still receive their deferred compensation on the scheduled distribution date . . . after their employment with Morgan Stanley . . . end[s]," and in that financial analysts "who qualify for a government service termination receive their deferred compensation when they leave Morgan Stanley." (See id. ¶¶ 59-67 (capitalization altered))

In opposing Defendants' motion to compel arbitration and stay proceedings, Plaintiffs maintain their argument that Morgan Stanley's deferred compensation program is an ERISA plan, and assert that they have brought their claims "in a representative capacity on behalf of the plan," and that "the plan itself never agreed to arbitrate them." (Pltf. Opp. (Dkt. No. 72) at 16, 18)

The parties' briefing does not adequately address whether Morgan Stanley's deferred compensation program is an ERISA plan, however. Accordingly, by **Wednesday, September 20, 2023**, the parties will submit letters addressing whether Plaintiffs' allegations that, in certain scenarios, some financial analysts receive their scheduled payouts after their employment with Morgan Stanley ends demonstrates that the deferred compensation program is an ERISA plan.

In their letters, the parties will address, inter alia, the following authorities: Int'l Paper Co. v. Suwyn, 978 F. Supp. 506, 511 (S.D.N.Y. 1997); Pasciutti v. LiquidPiston, Inc., No. 3:20-CV-01243 (RNC), 2021 WL 4502950, at *2-3 (D. Conn. Sept. 30, 2021); Oatway v. Am. Int'l Grp., Inc., 325 F.3d 184, 189 (3d Cir. 2003); Murphy v. Inexco Oil Co., 611 F.2d 570, 575 (5th Cir. 1980); and In re Segovia, 404 B.R. 896, 922 (N.D. Cal. 2009), aff'd sub nom. Segovia

v. Schoenmann, 408 F. App'x 61 (9th Cir. 2011).

Dated: New York, New York
      September 15, 2023    SO ORDERED.

_____
Paul G. Gardephe
United States District Judge