# Exhibit F

**Award**
**FINRA Dispute Resolution Services**

In the Matter of the Arbitration Between:

| | |
|---|---|
| <u>Claimants</u><br>Alfredo Serrano, Brian Thomas,<br>Daniel G. Raupp, Denanne Heil,<br>Gary Phelps, Henry Enno,<br>Jeff Schimmelpfennig, Manfred Hegwer,<br>Michael Bruner, and Scott Weissman | <u>Case Number</u>: 22-02150 |
| vs. | |
| <u>Respondent</u><br>Morgan Stanley | <u>Hearing Site</u>: Chicago, Illinois |

**Consolidated with:**

| | |
|---|---|
| <u>Claimants</u><br>Myron Hendrix, Ronald Ouwenga,<br>Steven Glazer, Thomas Bruce, and<br>Zachary Birkey | <u>Case Number</u>: 22-02147 |
| vs. | |
| <u>Respondent</u><br>Morgan Stanley a/k/a Morgan Stanley Smith<br>Barney LLC | <u>Hearing Site</u>: Chicago, Illinois |

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

Nature of the Dispute: Associated Persons vs. Member

## REPRESENTATION OF PARTIES

For Claimants Alfredo Serrano ("Serrano"), Brian Thomas ("Thomas"), Daniel G. Raupp ("Raupp"), Denanne Heil ("Heil"), Gary Phelps ("Phelps"), Henry Enno ("Enno"), Jeff Schimmelpfennig ("Schimmelpfennig"), Manfred Hegwer ("Hegwer"), Michael Bruner ("Bruner"), Scott A Weissman ("Weissman"), Myron Hendrix ("Hendrix"), Ronald Ouwenga ("Ouwenga"), Steven Glazer ("Glazer"), Thomas Bruce ("Bruce"), and Zachary Birkey ("Birkey"): Alan L. Rosca, Esq., Rosca Scarlato, LLC, Beachwood, Ohio, and  Scott B. Goldshaw, Esq. and Christen L. Casale, Esq., Salmanson Goldshaw, P.C., Philadelphia, Pennsylvania.

For Respondent Morgan Stanley a/k/a Morgan Stanley Smith Barney LLC: Meaghan VerGow, Esq., Christopher Hunt, Esq., and Alexander Reed, Esq., O'Melveny & Myers LLP, Washington, District of Columbia; and Mark Greenfield, Esq., Morgan Stanley, Purchase, New York.

## CASE INFORMATION

### 22-02150
Statement of Claim filed by Serrano, Thomas, Raupp, Heil, Phelps, Enno, Schimmelpfennig, Hegwer, Bruner, and Weissman, hereinafter, collectively referred to as "Serrano Claimants" on or about: September 20, 2022.
Serrano Claimants signed the Submission Agreement: September 20, 2022.

Statement of Answer filed on or about: December 23, 2022.
Respondent signed the Submission Agreement: December 23, 2022.

### 22-02147
Statement of Claim filed by Hendrix, Ouwenga, Glazer, Bruce, and Birkey, hereinafter collectively, referred to as "Hendrix Claimants" on or about: September 20, 2022.
Hendrix Claimants signed the Submission Agreement: September 20, 2022.

Respondent did not file a Statement of Answer or sign the Submission Agreement.

## CASE SUMMARY

### 22-02150:
In the Statement of Claim, Serrano Claimants asserted the following causes of action: violations of New York Labor Law, fraud and fraudulent inducement/concealment, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, declaratory and equitable relief (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)), reformation of the FA Deferred Compensation Plan as to Claimants and to Recover Benefits Under the Reformed Plan (ERISA §§ 502(a)(1) and (3), 29 U.S.C. § 1132(a)(1) and (3)), and breach of fiduciary duty regarding the Morgan Stanley Compensation Incentive Plan and Morgan Stanley Equity Incentive Compensation Plan (ERISA §§ 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3)). The causes of action related to Serrano Claimants' allegation that they earned certain compensation for their work performed while in Respondent's employ, but that Respondent improperly deferred said compensation for periods of time far in excess of the periods set forth by ERISA and forced them to forfeit the compensation upon their departure from Respondent.

Unless specifically admitted in its Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

### 22-02147:
In the Statement of Claim, Hendrix Claimants asserted the following causes of action: violations of New York Labor Law, fraud and fraudulent inducement/concealment, breach of implied covenant of good faith and fair dealing, conversion, unjust enrichment, declaratory and equitable relief (ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3)), reformation of the FA Deferred Compensation Plan as to Claimants and to Recover Benefits Under the Reformed Plan (ERISA §§ 502(a)(1) and (3), 29 U.S.C. § 1132(a)(1) and (3)), and breach of fiduciary duty regarding the

Morgan Stanley Compensation Incentive Plan and Morgan Stanley Equity Incentive Compensation Plan (ERISA §§ 502(a)(2) and (3), 29 U.S.C. § 1132(a)(2) and (3)). The causes of action related to Hendrix Claimants' allegation that they earned certain compensation for their work performed while in Respondent's employ, but that Respondent improperly deferred said compensation for periods of time far in excess of the periods set forth by ERISA and forced them to forfeit the compensation upon their departure from Respondent.

## RELIEF REQUESTED

**22-02150:**
In the Statement of Claim, Serrano Claimants requested deferred compensation in an amount to be submitted at the evidentiary hearing; earned but unpaid bonuses in the amount to be determined; unpaid revenue trailers; compensation for Respondent's misrepresentations, in an amount to be determined by the Panel; compensation for Respondent's violations of various industry rules, state labor laws relating to accrued but unused vacation time, earned commissions and fees on assets; compensatory damages; punitive damages; interest at the legal rate; attorneys' fees and costs pursuant to applicable statutes; costs, expert and witness fees and administrative expenses; and any other and further relief that the Panel finds just and equitable.

In the Statement of Answer, Respondent requested that Serrano Claimants' claims be denied.

**22-02147:**
In the Statement of Claim, Hendrix Claimants requested deferred compensation in an amount to be submitted at the evidentiary hearing; earned but unpaid bonuses in the amount to be determined; unpaid revenue trailers; compensation for Respondent's misrepresentations, in an amount to be determined by the Panel; compensation for Respondent's violations of various industry rules, state labor laws relating to accrued but unused vacation time, earned commissions and fees on assets; compensatory damages; punitive damages; interest at the legal rate; attorneys' fees and costs pursuant to applicable statutes; costs, expert and witness fees and administrative expenses; and any other and further relief that the Panel finds just and equitable.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

On December 8, 2022, Glazer filed a notice of voluntary dismissal against Respondent without prejudice in Case Number 22-02147. Therefore, the Panel made no determination with respect to any of the relief requests asserted by Glazer in the Statement of Claim in Case Number 22-02147.

On December 13, 2022, Hendrix, Ouwenga, and Birkey, filed notices of voluntary dismissal without prejudice against Respondent in Case Number 22-02147. Therefore, the Panel made no determination with respect to any of the relief requests asserted by Hendrix, Ouwenga, and Birkey in the Statement of Claim in Case Number 22-02147.

On December 13, 2022, Thomas, Schimmelpfennig, and Bruner filed notices of voluntary dismissal without prejudice against Respondent in Case Number 22-02150. Therefore, the Panel made no determination with respect to any of the relief requests asserted by Thomas, Schimmelpfennig, and Bruner in the Statement of Claim in Case Number 22-02150.

On September 28, 2023, Bruce, the Serrano Claimants, and Respondent filed an agreement to consolidate Case Number 22-02147 with Case Number 22-02150. In an Order dated October 3, 2023, the Panel consolidated the cases into Case Number 22-02150.

On October 31, 2023, Heil filed notice of voluntary dismissal with prejudice. Therefore, the Panel made no determination with respect to any of the relief requests asserted by Heil in the Statement of Claim. The matter proceeded to hearing on the claims brought by Serrano, Raupp, Phelps, Enno, Hegwer, Weissman, and Bruce ("Remaining Claimants").

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and any post-hearing submissions, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Serrano deferred compensation cancelled in the amount of $79,351.00; interest in the amount of $30,679.49; expenses in the amount of $210.24; and attorneys' fees in the amount of $44,012.20 pursuant to 29 U.S.C. § 1132(g)(1).

2. Respondent is liable for and shall pay to Raupp deferred compensation cancelled in the amount of $147,751.00; interest in the amount of $56,869.97; expenses in the amount of $736.26.; and attorneys' fees in the amount of $81,848.39 pursuant to 29 U.S.C. § 1132(g)(1).

3. Respondent is liable for and shall pay to Phelps deferred compensation cancelled in the amount of $82,597.00; interest in the amount of $31,934.49; expenses in the amount of $235.20; and attorneys' fees in the amount of $45,812.60 pursuant to 29 U.S.C. § 1132(g)(1).

4. Respondent is liable for and shall pay to Enno deferred compensation cancelled in the amount of $137,779.00; interest in the amount of $78,239.60; expenses in the amount of $659.57; and attorneys' fees in the amount of $86,407.44 pursuant to 29 U.S.C. § 1132(g)(1).

5. Respondent is liable for and shall pay to Hegwer deferred compensation cancelled in the amount of $283,732.00; interest in the amount of $53,590.37; expenses in the amount of $1,782.00; and attorneys' fees in the amount of $134,928.95 pursuant to 29 U.S.C. § 1132(g)(1).

6. Respondent is liable for and shall pay to Weissman deferred compensation cancelled in the sum of amount of $614,786.00; interest in the amount of $267,255.05; expenses in the

    amount of $4,327.92; and attorneys' fees in the amount of $352,816.42 pursuant to 29 U.S.C. § 1132(g)(1).

7. Respondent is liable for and shall pay to Bruce deferred compensation cancelled in the amount of $197,971.00; interest in the amount of $86,060.43; expenses in the amount of $1,122.47; and attorneys' fees in the amount of $113,612.57 pursuant to 29 U.S.C. § 1132(g)(1).

8. Any and all claims for relief not specifically addressed herein, including any requests for punitive damages and treble damages, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### Filing Fees
FINRA Dispute Resolution Services assessed a filing fee* for each claim:

| | |
|---|---|
| Initial Claim Filing Fee | =$ 1,600.00 |

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

| | |
|---|---|
| Member Surcharge | =$ 2,000.00 |
| Member Process Fee | =$ 3,850.00 |

### Late Pre-Hearing Cancellation Fees
Fees apply when a pre-hearing conference is cancelled within three business days of the scheduled conference:

| | |
|---|---|
| November 17, 2023, cancellation requested by Remaining Claimants | =$ 100.00 |
| Total Late Pre-Hearing Cancellation Fees | =$ 100.00 |

The Panel has assessed the total late pre-hearing cancellation fees jointly and severally to Remaining Claimants.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the Arbitrator(s), including a pre-hearing conference with the Arbitrator(s), which lasts four (4) hours or less. Fees associated with these proceedings are:

| | |
|---|---|
| One (1) pre-hearing session with a single Arbitrator @ $450.00/session | =$ 450.00 |
| Pre-Hearing Conference:   December 12, 2023            1 session | |

| | | | |
|---|---|---|---|
| Two (2) pre-hearing sessions with the Panel @ $1,150.00/session | | | =$  2,300.00 |
| Pre-Hearing Conferences: | February 2, 2023 | 1 session | |
| | February 16, 2024 | 1 session | |
| Seven (7) hearing sessions @ $1,150.00/session | | | =$  8,050.00 |
| Hearings: | February 26, 2024 | 2 sessions | |
| | February 27, 2024 | 2 sessions | |
| | February 28, 2024 | 2 sessions | |
| | February 29, 2024 | 1 session | |

Total Hearing Session Fees                                                                                =$ 10,800.00

The Panel has assessed $1,487.50 of the hearing session fees jointly and severally to Remaining Claimants.

The Panel has assessed $9,312.50 of the hearing session fees to Respondent.

All balances are payable to FINRA Dispute Resolution Services and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Mark W Solock | - | Public Arbitrator, Presiding Chairperson |
| Caroline N. Harney | - | Public Arbitrator |
| Allen Greenberg | - | Non-Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

*Mark W Solock*                                    03/21/2024
Mark W Solock                                       Signature Date
Public Arbitrator, Presiding Chairperson

*Caroline N. Harney*                              03/22/2024
Caroline N. Harney                                  Signature Date
Public Arbitrator

*Allen Greenberg*                                  03/22/2024
Allen Greenberg                                     Signature Date
Non-Public Arbitrator

Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules approved by the SEC—but has no part in deciding the award.

March 22, 2024
Date of Service (For FINRA Dispute Resolution Services use only)