

www.motleyrice.com

"I will stand for my client's rights.
I am a trial lawyer."
–Ron Motley (1944–2013)

One Corporate Center
20 Church St., 17th Floor
Hartford, CT 06103
**o.** 860.882.1681 **f.** 860.882.1682

**Mathew P. Jasinski**
*Licensed in CT, NY*
direct: 860.218.2725
mjasinski@motleyrice.com

**VIA ECF**

April 5, 2024

The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

Re:   *Shafer v. Morgan Stanley, et al.*, No. 1:20-cv-11047 (PGG) (S.D.N.Y.)
      Objection to Defendants' Emergency Motion for Leave to Submit Declaration
      re: Motion for Reconsideration (ECF 93)

Dear Judge Gardephe:

On behalf of the plaintiffs, I write in response to the "emergency" letter motion filed by the defendants ("Morgan Stanley") on Tuesday, April 2, 2024 (ECF 93).

By way of background, Morgan Stanley's "emergency" concerns a motion it *won*. On November 21, 2023, the Court *granted* Morgan Stanley's motion to compel arbitration. ECF 86. In doing so, the Court reached an issue that it expressly asked the parties to brief: whether Morgan Stanley's deferred-compensation program for financial advisors is governed by ERISA. ECF 82. For its part, Morgan Stanley argued that "ERISA has no application to this program at all," ECF 85 at 3, and that the Court had before it the materials necessary to decide that issue, *id.* at 5. Morgan Stanley did not ask the Court to avoid deciding the issue, suggest that it would be improper for the Court to do so, or assert that the record was inadequate.[1] *See generally* ECF 85.

In its decision, the Court concluded that the plaintiffs must arbitrate their claims, even though "Morgan Stanley's deferred compensation programs are ERISA plans." ECF 86 at 39. Had the Court found that ERISA did not apply, Morgan Stanley undoubtedly would have presented the Court's analysis to each and every arbitration panel it appeared before. Instead, dissatisfied with

---

[1] To the contrary, "where the record contains the undisputed terms of the disputed plan," as it did here, "a Court may decide the applicability of ERISA as a matter of law." *Pasciutti v. LiquidPiston, Inc.*, 2021 WL 4502950, at *2 (D. Conn. 2021) (collecting cases).



Page 2

the Court's reasoning (though not the outcome), Morgan Stanley moved for "reconsideration or clarification." ECF 87. That motion is fully briefed. ECF 88, 91, 92.

In its "emergency" filing, Morgan Stanley seeks leave to submit a declaration attaching three unreasoned arbitration awards in disputes between Morgan Stanley and other former financial advisors—*Morgan Stanley v. Souma*, FINRA Case No. 20-3838; *McCullough v. Morgan Stanley*, FINRA Case No. 21-02258; and *Serrano v. Morgan Stanley*, FINRA Case No. 22-02150—as well as excerpts of the record in *Serrano*. According to Morgan Stanley, the Court should consider these documents because they reveal that the arbitrators in *Serrano* did not resolve the parties' dispute in that matter based on the complete factual record and the law, but rather "the outsized influence of an order by a distinguished and well-respected federal judge," namely, Your Honor. ECF 93 at 5.

Morgan Stanley's letter motion should be denied for at least three reasons.

*First*, the additional "evidence" Morgan Stanley seeks to provide the Court is irrelevant to its pending motion for reconsideration and/or clarification. Complaining that arbitrators cannot be trusted to afford "plenary consideration of the facts and law," *see* ECF 93 at 5, Morgan Stanley's plea for help is an attempt to obtain the very type of "review" that it concedes is unavailable in its chosen forum. *See id.* at 3 (citing 9 U.S.C. §§ 9-11 and *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008)). Whether or how an arbitrator has construed (or might construe) a judicial decision is irrelevant to the propriety of that decision. Indeed, the preclusive effect of a court's ruling "is better suited to be addressed in any subsequent litigation where the issue arises." *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 316 (2d Cir. 2003).

*Second*, Morgan Stanley's contention that the Court's determination that ERISA applied "was not necessary to the Court's ruling," ECF 93, is not a basis for reconsideration. *See, e.g.*, *Cooper Crouse-Hinds, LLC v. City of Syracuse*, 2022 WL 344053, at *3 (N.D.N.Y. 2022) (denying motion for reconsideration when the movant acknowledged an issue was "not necessary for the Court's ruling"); *see also RJE Corp.*, 329 F.3d at 316 (affirming denial of motion for reconsideration which asked the district court to "omit certain portions of its decision" that the movant contended "should not be binding in future proceedings").

Notably, Morgan Stanley omitted its own closing argument in *Serrano* from the materials it would have this Court consider.[2] *See* ECF 94-5, Ex. E, Tr. at 44-92. But its cherry-picked excerpts of the record in *Serrano* demonstrate that the arbitrators heard Morgan Stanley's argument that the plan is not an ERISA plan. *See* ECF 93 at 3 (citing the claimants' rebuttal of Morgan Stanley's argument that the panel should reject this Court's conclusion). Undoubtedly, Morgan Stanley argued that this Court's reasoning was incorrect. The arbitrators in *Serrano* were, of course, free to accept or reject that argument. Because the *Serrano* award does not

---

[2] On April 3, 2024, the plaintiffs asked Morgan Stanley to provide the omitted portions of the arbitration transcripts. On April 4, counsel for Morgan Stanley committed to doing so, provided that any confidential information would be redacted. To date, the plaintiffs have not received the missing pages.



Page 3

clarify whether the claimant prevailed on the state law or ERISA claims, *see* ECF 94-6, Ex. F, it is not possible to know whether and to what extent the arbitrators may have agreed with Morgan Stanley. But whether they did so or not has no bearing upon the merits of this Court's ruling.

***Third***, Morgan Stanley mischaracterizes this Court's decision to argue that the arbitrators in *Serrano* should not have followed it. Specifically, Morgan Stanley insists that "the uncontradicted record developed in the arbitration hearings demonstrates that the awards cannot be retrospectively cast as '*retirement plans*.'" ECF 93 at 4 (emphasis added). But whether a plan is a "retirement plan" under subsection (i) of ERISA § 3(2)(A) "is an alternative" to subsection (ii) of that section. This Court relied on subsection (ii), reasoning that ERISA governs Morgan Stanley's deferred-compensation plan because it "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond," 29 U.S.C. § 1002(2)(A)(ii). ECF 86 at 37. The plaintiffs never argued that the plan is a retirement plan under 29 U.S.C. § 1002(2)(A)(i). *See* ECF 84 at 3. Nor did the claimants in *Serrano*: "Morgan Stanley's arguments that its plan was not set up as a retirement plan under subsection 1 are irrelevant." ECF 94-5, Ex. E, Tr. at 7:21-23.

Simply stated, neither the Court *nor the arbitrators* needed extrinsic evidence to conclude that, under subsection (ii), Morgan Stanley's plan "results in a deferral of income by employees for periods extending to the termination of covered employment or beyond." 29 U.S.C. § 1002(2)(A)(ii). This Court cannot and should not speculate about the arbitrators' reasoning in *Serrano*, and Morgan Stanley's position that it needs to submit evidence on whether the plan is a retirement plan—an argument it could have made when it briefed the issue in this Court—is sophistry.

Respectfully submitted,

/s/
Mathew P. Jasinski

CC: Counsel of record (via ECF)