# MANDATE

24-3141(L)
*Shafer v. Morgan Stanley*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-five.

PRESENT:

> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

MATTHEW T. SHAFER, individually and on behalf of all others similarly situated, MACE TAMSE, STEVE SHERESKY, GEORGE LIVANOS, JEFFREY SHOVER, MARK LOFTUS, SANDY JUKEL, STEVE NADLER, SHERI HAUGABOOK, JEFFREY SHERESKY, PETER HEIDT, JEFFREY SAMSEN,

*Plaintiffs-Appellees-Cross-Appellants*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 30, 2025

MANDATE ISSUED ON 07/30/2025

| | |
|---|---|
| v. | Nos. 24-3141(L), 24-3271(XAP) |

MORGAN STANLEY, MORGAN STANLEY SMITH BARNEY LLC, MORGAN STANLEY COMPENSATION MANAGEMENT DEVELOPMENT AND SUCCESSION COMMITTEE,

*Defendants-Appellants-Cross-Appellees*,

JOHN/JANE DOES, 1–20,

*Defendant.*

_____

| | |
|---|---|
| **For Defendants-Appellants-Cross-Appellees:** | MEAGHAN VERGOW, O'Melveny & Myers LLP, Washington, DC (Anton Metlitsky, O'Melveny & Myers LLP, New York, NY; Brian D. Boyle, Alexander Reed, O'Melveny & Myers LLP, Washington, DC, *on the brief*). |
| **For Plaintiffs-Appellees-Cross-Appellants:** | MATHEW P. JASINSKI, Motley Rice LLC, Hartford, CT (John S. Edwards, Jr., Courtney D. Scobie, Ajamie LLP, Houston, TX; Robert A. Izard, Izard, Kindall & Raabe LLP, West Hartford, CT; Douglas P. Needham, William H. Narwold, M. Zane Johnson, Riley Breakell, Motley Rice LLC, Hartford, CT, *on the brief*). |
| **For Amicus Curiae The American Benefits Council** *in support of* *Defendants-Appellants-Cross-Appellees***:** | Alexander C.B. Barnard, Scott J. Splittgerber, Kristie E. Jacques, Epstein Becker & Green, P.C., New York, NY. |

2

| | |
|---|---|
| **For Amici Curiae The Chamber of Commerce of the United States of America and the ERISA Industry Committee** *in support of Defendants-Appellants-Cross-Appellees***:** | Andrew J. Pincus, Archis A. Parasharami, Daniel E. Jones, Mayer Brown LLP, Washington, DC. |
| **For Amicus Curiae The Securities Industry and Financial Markets Association** *in support of Defendants-Appellants-Cross-Appellees***:** | Michael Delikat, Alyssa Barnard-Yanni, Orrick, Herrington & Sutcliffe LLP, New York, NY; Robert M. Loeb, Orrick, Herrington & Sutcliffe LLP, Washington, DC. |
| **For Amicus Curiae Society for Human Resource Management** *in support of Defendants-Appellants-Cross-Appellees***:** | Ian H. Morrison, Sam Schwartz-Fenwick, Jules A. Levenson, Seyfarth Shaw LLP, Chicago, IL. |

Appeal from orders of the United States District Court for the Southern District of New York (Paul G. Gardephe, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal and cross-appeal are **DISMISSED** and the petition for a writ of mandamus is **DENIED**.

Morgan Stanley, Morgan Stanley Smith Barney LLC, and the Morgan Stanley Compensation Management Development and Succession Committee (together, "Morgan Stanley") appeal from an order of the district court granting their motion to compel the arbitration of claims brought by a putative class of former financial advisors ("Plaintiffs") who allege that, under the Employee

3

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)–(3), they are owed money from deferred-compensation plans that were cancelled after they voluntarily left Morgan Stanley's employ. In the alternative, Morgan Stanley petitions for a writ of mandamus to nullify the portion of the district court's opinion that concludes that the deferred-compensation plans were governed by ERISA. Plaintiffs cross-appeal, contending that the district court erred in granting Morgan Stanley's motion to compel arbitration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision below.

## I.   Motions to Dismiss for Lack of Appellate Jurisdiction

To begin, Plaintiffs and Morgan Stanley move to dismiss the appeal and cross-appeal, respectively, for lack of appellate jurisdiction. We conclude that neither appeal is properly before us.

Plaintiffs move to dismiss on the grounds that the district court's order compelling arbitration is not a "final decision[]" under 28 U.S.C. § 1291 and not an appealable interlocutory order under the Federal Arbitration Act ("FAA"). Although section 16 of the FAA allows for an interlocutory appeal from an order "*denying* a petition . . . to order arbitration," *see* 9 U.S.C. § 16(a)(1)(B) (emphasis

4

added), it does not permit a party to appeal from an order "directing arbitration to proceed," *id.* § 16(b)(2). Morgan Stanley attempts to sidestep this plain language by arguing that the district court improperly commented on the merits of the underlying dispute in a manner that effectively directed the arbitrator to decide the case in Plaintiffs' favor. Consequently, Morgan Stanley contends that the district court's order amounts to an "effective denial" and is thus appealable under section 16(a)(1)(B).

Morgan Stanley cites no Second Circuit case law in support of its constructive-denial argument, which is hardly surprising given the unambiguous language of section 16. Instead, Morgan Stanley relies on wholly distinguishable cases from other circuits involving appeals from *denials* of motions to dismiss under section 16(a)(1). *See, e.g.*, *Henry on behalf of BSC Ventures Holdings, Inc. Employee Stock Ownership Plan v. Wilmington Tr. NA*, 72 F.4th 499, 504 (3d Cir. 2023); *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496, 501 (6th Cir. 2011), *abrogated on other grounds by Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019); *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1, 6 (1st Cir. 2004). In each of these cases, the defendant's motion to dismiss was premised on the plaintiff's agreement to arbitrate his claims, in effect making it the equivalent of a

motion to compel arbitration that was denied by the district court. Morgan Stanley asks us to take the unprecedented step of holding that even when a self-titled motion to compel is *granted*, it may nevertheless be deemed a "den[ial]" within the meaning of section 16(a)(1)(B) if the district court comments on the merits. As "statutes authorizing appeals are to be strictly construed," *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 43 (1983), we decline to broaden the reach of section 16 here.

Because we lack jurisdiction over the underlying appeal,[1] we also lack pendent jurisdiction over Plaintiffs' cross-appeal. *See* Pls.' Opp. Mot. Dismiss at 14–15 (conceding that the "cross-appeal is conditioned upon the Court accepting . . . [Morgan Stanley's] position that the underlying order is appealable . . . under [section] 16(a)(1)(B)"). Accordingly, the motions to dismiss are GRANTED, and the appeal and cross-appeal are DISMISSED.

## II. Petition for Writ of Mandamus

Morgan Stanley argues in the alternative for a writ of mandamus directing the district court to strike its legal conclusion that the deferred-compensation plans

---

[1] Though Morgan Stanley also appeals from the district court's order denying its motion for reconsideration and/or clarification, it asserts no jurisdictional basis apart from its challenge pursuant to section 16(a)(1)(B).

6

are governed by ERISA. But the requirements for a writ of mandamus are onerous. "First, the party seeking issuance of the writ [must] have no other adequate means to attain the relief [it] desires." *Cheney v. U.S. Dist. Ct. for D. C.*, 542 U.S. 367, 380 (2004) (internal quotation marks omitted). "Second, the petitioner must . . . show[] that [its] right to issuance of the writ is clear and indisputable." *Id.* at 381 (internal quotation marks omitted). And third, the issuing court must determine "that the writ is appropriate under the circumstances." *Id.*

Before granting Morgan Stanley's motion to compel arbitration, the district court concluded that it "must first determine whether (1) the [plans] . . . are ERISA plans; and (2) if so, whether – as Plaintiffs contend – arbitration of their claims was not consented[]to by each alleged ERISA plan and/or would be contrary to ERISA." Sp. App'x at 29. After finding that the plans *were* governed by ERISA, the district court rejected Plaintiffs' contention that some claims were not arbitrable because they were brought in a representative capacity on behalf of the ERISA plan, and then rejected Plaintiffs' argument that the individual arbitration agreements amounted to unenforceable prospective waivers of statutory remedies, since Plaintiffs were still able to pursue ERISA relief in arbitration.

7

Morgan Stanley contends that (1) it was not necessary for the district court to find that the plans were governed by ERISA in order to reject Plaintiffs' arguments, and (2) the finding impaired Morgan Stanley's right to arbitrate because all its defenses turn on the contention that the plans fell outside of ERISA and its anti-forfeiture rules.  It may well be that the better course would have been for the district court to *assume* that the plans were governed by ERISA and hold that, regardless, the claims were not brought in a representative capacity, and the arbitration agreements were not unenforceable prospective waivers.  After all, the Supreme Court has "caution[ed] courts to avoid becoming entangled in the merits of a [ ] dispute under the guise of deciding arbitrability."  *AT&T Techs., Inc. v. Commc's Workers of Am.*, 475 U.S. 643, 647 (1986).  But this is not a situation where "no adequate alternative remedies are available" to Morgan Stanley.  *S.E.C. v. Rajaratnam*, 622 F.3d 159, 169 (2d Cir. 2010).  Though arbitrators may consider the district court's opinion, Morgan Stanley is free to argue to those arbitrators that the district court's conclusion that the plans were governed by ERISA was dictum and was legally incorrect.  Indeed, Morgan Stanley admits that it has already done so – successfully – in some of the intervening arbitrations.

8

Morgan Stanley has also not shown that its "right to issuance of the writ is clear and indisputable." *Cheney*, 542 U.S. at 381 (internal quotation marks omitted). To begin, the district court's decision did not deprive "the parties [of] what they bargained for—a meaningful arbitration of the dispute." *See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1053 (2d Cir. 1990) (internal quotation marks omitted). And unlike in *In re United States*, 945 F.3d 616, 625 (2d Cir. 2019), where the district court violated a long line of case law that precluded it from encouraging jury nullification, we are not "left with the firm conviction" that the decision of the district court to address the ERISA issue was "based . . . on an erroneous view of the law." We have held that ERISA may render unenforceable an arbitration agreement that covers certain types of claims. *See Cedeno v. Sasson*, 100 F.4th 386, 390 (2d Cir. 2024). So we have suggested that it is sometimes necessary to consider the applicability of ERISA before ordering arbitration and have not held that the district court's approach was impermissible.

Finally, we have made clear that the "issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 108 (2d Cir. 2013) (internal quotation marks omitted). In exercising this discretion, we may "consider a range of factors, including

9

whether the petition presents a novel and significant question of law" or "a legal issue whose resolution will aid in the administration of justice." *Id.* (internal quotation marks omitted). Such is not the case here, and we are not inclined to further "entangle[]" the courts "in the merits of [this] [arbitrable] dispute." *See AT&T Techs., Inc.*, 475 U.S. at 647. For all those reasons, we deny Morgan Stanley's petition for a writ of mandamus.

\* \* \*

Accordingly, we **DISMISS** the appeal and cross-appeal and **DENY** the petition for a writ of mandamus.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10